## THE POTOMAC.

### THE MASCOT.

(District Court, E. D. Pennsylvania. July 23, 1906.)

#### No. 76.

TOWAGE—INJURY TO TOW BY STRIKING JETTY—NEGLIGENT NAVIGATION BY TUG.

> A tug in charge of an experienced master *held* in fault for an injury to a barge in tow by collision with a stone jetty at the mouth of a creek which the tug and tow were entering across a strong flood tide, because of the failure of the master to make sufficient allowance for the effect of the tide which swung the tow against the jetty, although there was a clear channel of 150 feet at the entrance.

> [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Towage, §§ 11–23.]

In Admiralty. Suit against tug for injury of tow.

Francis S. Laws and John F. Lewis, for libelant.

Willard M. Harris, for respondent.

HOLLAND, District Judge. This is an action in rem, brought by the Southern Transportation Company, owner of the lumber barge Potomac, against the steam tug Mascot, to recover damages for injury to the starboard side of the barge, as a result of a collision with the stone jetty, at the mouth of Christiana creek, on the night of November 7, 1904, while in tow of the Mascot. The barge, loaded with pulp wood, was taken in tow by the tug on a hawser about 150 feet long, at Delaware City, between 6 and 7 o'clock p. m., bound for Wilmington. The barge is a wooden vessel about 140 feet long, 23 feet beam, and at this time was drawing eight feet forward and eight feet six inches aft. The barge was properly manned, and all went well until the tug, with her tow, attempted to enter the mouth of Christiana creek. Prior to entering the creek, at a point about one-half mile below, the tug shortened the long hawser to about 50 feet, and put out another of the same length, so that two hawsers of 50 feet each from the stern of the tug were fastened to the barge, one to the port and the other to the starboard bitt. A strong flood tide was running and the hawser was shortened and the additional one put out for the purpose of better enabling the tug to control the action of the barge in entering the mouth of the creek on the flood tide. Christiana river is entered through a channel between two long stone jetties which extend from the shore, one north and the other south. The distance between the points of the north and south jetty is not accurately given, but it appears that the channel at the entrance lies along the northern jetty, which is about 150 feet wide at its mouth, and from its southern side there are mud flats from 150 to 200 feet wide to the point of the southern jetty, and

these mud flats at flood time prevent a nearer approach to the southern jetty than within about 150 feet. So that, in entering Christiana creek, the tug, with its tow, had a channel of the width of about 150 feet, in which to accomplish the feat of towing its barge in by the northern jetty at the end of two hawsers each 50 feet.

There is some controversy as to whether or not the barge was given to unexplained sheering and swerving from her course, but the weight of the evidence establishes that the tow was a good steering barge, and had followed the course of the tug from the time it had been taken in tow until it arrived at the point where the injury occurred. It is established by the evidence that the proper way to enter the creek between these two jetties is to gradually bear in close as possible to the southern side of the entrance, so as to keep the tide, as it flows into the creek, as much upon the stern of the barge as possible, which course is intended and would allow for the tendency of the tide to sweep the barge in a northerly direction toward the jetty, and it is very evident that if the tug upon this occasion, having a width of 150 feet, would have kept well down to the south side of the entrance it would have been impossible for the barge to have been swept sufficiently far northward across the 150 feet channel to strike the northern jetty, because the hawsers were only 50 feet long and could not have reached that distance. So that the fact that the barge was injured on the starboard side near the stern is a circumstance corroborating the witnesses who claimed that the collision occurred because the master of the tug stood too far up the river before heading for the entrance; and, as a result, the tug and tow were cutting across a strong flood tide when they entered the creek too close to the northern jetty, and the stern of the barge was swept upon the point of the jetty, causing the damage. The tug had safely passed the danger point, and was making an effort to tow the barge by and had pulled its bow toward the south. That the tug was too far up the river, and was cutting across a strong flood tide when she headed in fully, explains the sudden sheering of the barge, and is entirely consistent with the evidence both of the libelant and respondent.

I do not find there was any fault in the steering of the barge, as the evidence shows it had followed the course of the tug to this point. The captain of the tug had an experience of a great number of years as a tugboat captain, and he in law was required to know the effect of the tide upon a tow entering Christiana creek, and the length of a hawser necessary to enable him to safely tow his charge by the jetties, and it was his duty to so arrange the tow as to enable him, under the circumstances, to conduct the barge safely through the channel. The Margaret, 94 U. S. 494, 24 L. Ed. 146, and cases there cited. This he failed to do, and the libelant is entitled to recover damages, with costs.

Let a decree be entered in favor of the libelant.